NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELLE MARIE PRICE,

          Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No.   21-35595

D.C. No. 3:20-CV-5815-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted July 8, 2022[**]
San Francisco, California

Before: HAWKINS and BUMATAY, Circuit Judges, and MOSKOWITZ,[***]
District Court Judge.

     Michelle Price appeals from the district court's order affirming the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Barry T. Moskowitz, District Judge for the United States District Court for the Southern District of California, sitting by designation.

Commissioner of Social Security's denial of disability insurance benefits. "We review the district court's order affirming the [Administrative Law Judge]'s denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)) (internal quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Price argues that the Administrative Law Judge ("ALJ") improperly discounted her testimony regarding her physical limitations. The ALJ concluded that Price had been diagnosed with atrial fibrillation and congestive heart failure but that the medical evidence did not support her testimony about the severity of her reported symptoms. Specifically, the ALJ discounted Price's claims that chest pains prevented her from being able to "walk around the block," and that she was "short of breath all the time." Price contends that the ALJ failed to provide "specific, clear and convincing reasons" supporting these findings. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ properly considered Price's noncompliance with cardiac treatment and medication, her testimony that her condition improved after her 2017 ablation procedure, her reports of being able to perform daily activities, her ability to

2

occasionally work after the onset date of her symptoms, and reports from treatment providers recording mild symptoms. These are sufficient "clear and convincing reasons" for the ALJ to discount Price's testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

2.	Price also argues that the ALJ improperly assessed the medical evidence when he determined Price's residual functional capacity ("RFC"). Price asserts that the ALJ made the following errors: he (1) gave "little weight" to Dr. Myrna Palasi's opinion, (2) failed to fully include the opinion of Dr. Tasmyn Bowes and Dr. Jack Norris in the RFC assessment, and (3) failed to account for Price's history of emergency room visits. Substantial evidence supports the ALJ's assessment of the medical evidence and consequent RFC determination.

First, the ALJ did not err by giving little weight to Dr. Palasi's medical opinion. Dr. Palasi opined that Price was unable to sustain a 40-hour work week and recommended a less-than-sedentary RFC. However, as the ALJ noted, Dr. Palasi did not personally examine Price and her opinion contained an apparent error when she listed deep vein thrombosis as a basis for recommending a lower RFC, even though testing revealed only superficial venous thrombosis. Additionally, the ALJ correctly noted that Dr. Palasi's report was "inconsistent with the clinical findings of treatment providers who found [Price] had irregular heart rate at times but otherwise had unremarkable physical exams." These are specific and legitimate

3

reasons for the ALJ to discount Dr. Palasi's opinion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

Second, substantial evidence supports the ALJ's analysis of the opinions of Dr. Bowes and Dr. Norris. Price argues that the doctors found that she had "significant" limitations in performing work activities, and these findings were not included in the ALJ's RFC. Both opinions came in the form of a checklist, with the descriptive work limitation options of "None or Mild," "Moderate," "Marked," or "Severe." Although "Moderate" is defined as a "significant limitation," in context, that does not imply a complete inability to perform work. "Moderate" is the second mildest of the options, and only a "Severe" limitation is defined as an "inability to perform the particular activity in regular competitive employment." Therefore, the ALJ's RFC finding corresponds with the opinions of Dr. Bowes and Dr. Norris.

Finally, Price alleges that the ALJ improperly evaluated the medical evidence from Price's many trips to the emergency room and from other non-examining physicians. Those reports and opinions generally describe Price as suffering from chest pains and occasional mental distress. However, the ALJ accounted for these limitations when he calculated the RFC and substantial evidence supports his findings about the severity of Price's limitations.[1]

---

[1] In her opening brief, Price argued that the Commissioner of the Social Security Administration was appointed unconstitutionally, which divested the ALJ of

4

**AFFIRMED.**

---

authority over Price's case.  However, she retracted the argument in her reply brief, so we do not consider it.